IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

JOSE RENE MONGE
c/o 519 H Street NW
Washington, DC 20001

MARVIN SOSA
3132 16th Street NW, Apt. 307
Washington, DC 20010

      Plaintiffs,

v.

SAPOL VARADAA, LLC
d/b/a THAIPHOON
58 E. Reed Avenue
Alexandria, VA 22305

SAPOL JIRAPANJAVAT
58 E. Reed Avenue
Alexandria, VA 22305

VARADAA MAYTHATHUN
58 E. Reed Avenue
Alexandria, VA 22305

      Defendants.

Case No. _____

## COMPLAINT

### Introduction

1.     Defendants own and operate "Thaiphoon," a restaurant in Washington, DC. Defendants employed Plaintiffs as kitchen hands. Defendants paid Plaintiffs flat salaries that resulted in sub-minimum wages and a denial of overtime compensation.

2.	Plaintiffs bring this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq*.

## Jurisdiction and Venue

3.	Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.	Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in this district.

## Parties

5.	Plaintiffs are adult residents of Washington, DC.

6.	Defendant Sapol Varadaa, LLC is a Virginia Limited Liability Company registered in the District of Columbia. It does business as "Thaiphoon." Its principal place of business is 58 E. Reed Avenue, Alexandria, VA 22305. Its resident agent is Sarinya W. Egnor, 631 D Street NW, Suite 130, Washington, DC 20004.

7.	Defendant Sapol Jirapanjavat is an adult resident of Virginia. Sapol Jirapanjavat resides at 58 E. Reed Avenue, Alexandria, VA 22305.

8.	Defendant Varadaa Maythathun is an adult resident of Virginia. Varadaa Maythathun resides at 58 E. Reed Avenue, Alexandria, VA 22305.

9. Defendants Sapol Jirapanjavat and Varadaa Maythathun are co-owners of Sapol Varadaa, LLC. Both Sapol Jirapanjavat and Varadaa Maythathun exercise control over Sapol Varadaa LLC's operations, including its pay practices.

## FACTUAL ALLEGATIONS

10. Defendants own and operate "Thaiphoon," located at 2011 S. Street NW, Washington, DC 20009.

## FACTS SPECIFIC TO PLAINTIFF JOSE RENE MONGE

11. Defendants employed Plaintiff Monge in Defendants' restaurant from approximately July 1, 2014 through approximately November 30, 2014.

12. Plaintiff Monge was employed in Defendants' restaurant as a kitchen hand. His duties included cooking, cleaning and washing dishes.

13. Plaintiff Monge's typical work schedule was approximately as follows:

| **Monday** | 10:30 a.m. – 10:30 p.m. | 1 hour break | 11.0 Hours |
|---|---|---|---|
| **Tuesday** | OFF | OFF | OFF |
| **Wednesday** | 10:30 a.m. – 10:30 p.m. | 1 hour break | 11.0 Hours |
| **Thursday** | 4:00 p.m. – 10:30 p.m. | No break | 6.5 Hours |
| **Friday** | 10:30 a.m. – 10:30 p.m. | 1 hour break | 11.0 Hours |
| **Saturday** | 10:30 a.m. – 11:00 p.m. | 1 hour break | 11.5 Hours |
| **Sunday** | 10:30 p.m. – 11:00 p.m. | 1 hour break | 11.5 Hours |
| | | | **62.5 Hours Scheduled (Total)** |

14. Plaintiff Monge worked at least 62.5 hours each and every workweek.

3

15.  Over the course of his employment, Plaintiff Monge worked approximately 495 hours of overtime.

16.  Over the course of his employment, Defendants never paid Plaintiff Monge overtime wages for any of his overtime hours.

17.  Plaintiff Monge did not take any weeks off from work during the course of his employment.

18.  Defendants paid Plaintiff Monge twice a month with a check.

19.  Defendants paid Plaintiff Monge approximately as follows:

| Approximate Dates | Semimonthly Pay | Effective Hourly Rate |
|---|---|---|
| July 1, 2014 – Nov. 30, 2014 | $800.00 | $5.91 per hour |

20.  Defendants owe Plaintiff Monge approximately **$7,291.35** in unpaid minimum and overtime wages.

**FACTS SPECIFIC TO PLAINTIFF MARVIN SOSA**

21.  Defendants employed Plaintiff Sosa in Defendants' restaurant from approximately July 1, 2014 through approximately November 15, 2014.

22.  Plaintiff Sosa worked in Defendants' restaurant as a kitchen hand. His duties included cooking, cleaning and washing dishes.

23.  Plaintiff Sosa's typical work schedule was approximately as follows:

| | | | |
|---|---|---|---|
| **Monday** | OFF | OFF | OFF |
| **Tuesday** | 10:30 a.m. – 10:30 p.m. | 1 hour break | 11.0 Hours |

4

| Wednesday | 4:00 p.m. – 10:30 p.m. | No break | 6.5 Hours |
|---|---|---|---|
| Thursday | 10:30 a.m. – 10:30 p.m. | 1 hour break | 11.0 Hours |
| Friday | 10:30 a.m. – 10:30 p.m. | 1 hour break | 11.0 Hours |
| Saturday | 10:30 a.m. – 11:00 p.m. | 1 hour break | 11.5 Hours |
| Sunday | 10:30 a.m. – 11:00 p.m. | 1 hour break | 11.5 Hours |
| | | | **62.5 Hours Scheduled (Total)** |

24. Plaintiff Sosa worked at least 62.5 hours each and every workweek.

25. Over the course of his employment, Plaintiff Sosa worked approximately 450 hours of overtime.

26. Over the course of his employment, Defendants never paid Plaintiff Sosa overtime wages for any of his overtime hours.

27. Plaintiff Sosa did not take any weeks off from work during the course of his employment.

28. Defendants paid Plaintiff Sosa twice a month with a check.

29. Defendants paid Plaintiff Sosa approximately as follows:

| Approximate Dates | Semimonthly Pay | Effective Hourly Rate |
|---|---|---|
| July 1, 2014 – Nov. 15, 2014 | $825.00 | $6.09 per hour |

30. Moreover, Defendants wrongfully discounted $100 from Plaintiff Sosa's last paycheck because of an alleged error in preparing food, i.e. allowing food to rot.

31. Defendants owe Plaintiff Sosa approximately **$6,497.75** in unpaid minimum and overtime wages.

5

## FACTS COMMON TO ALL PLAINTIFFS

32. Throughout Plaintiffs' employment, the federal minimum wage was $7.25 per hour.

33. The District of Columbia's minimum wage was $9.50 per hour from July 1, 2014 through June 30, 2015.

34. At all relevant times, federal and District of Columbia law required employers to pay employees one and one-half times the minimum wage for all hours worked over 40 in any one workweek.

35. Defendants intentionally did not provide Plaintiffs with paystubs or itemized statements, as required by D.C. Code § 32-1008.

36. At all relevant times, Defendants had two or more employees who regularly handled materials that had been moved in or produced for interstate commerce.

37. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

38. At all relevant times, Defendants had the power to fire Plaintiffs.

39. At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

40. At all relevant times, Defendants had the power to set Plaintiffs' rate of pay.

41. At all relevant times, Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiffs, or of how much Plaintiffs were paid for their work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact amount of hours worked by and wages owed to Plaintiffs will only be known through discovery.

42. At all relevant times, Defendants knew the legal requirement to pay Plaintiffs the District of Columbia and federal minimum wage.

43. At all relevant times, Defendants knew the legal requirement to pay Plaintiffs one and one-half times their regular rate for all hours worked in excess of 40 hours in any one workweek.

44. At all relevant times, Defendants knew they were legally required to timely pay Plaintiffs all legally due wages.

## COUNT I
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

45. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

46. Defendants were "employers" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

47. The FLSA requires that employers pay non-exempt employees a minimum wage equal to an amount set by Congress. 29 U.S.C. § 206(a)(1).

48. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

49. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

50. Defendants violated the FLSA by knowingly failing to pay the required minimum wage to Plaintiffs.

51. Defendants violated the FLSA by knowingly failing to pay Plaintiffs at least one and one-half times the required minimum wage for hours worked in excess of 40 hours in any one workweek.

52. Defendants' violations of the FLSA were willful.

53. For their violations of the FLSA, Defendants are liable to Plaintiffs for unpaid minimum wage and overtime wages, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY WAGES UNDER THE DCWPCL

54. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

55. Defendants were "employers" within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

56. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

57. For purposes of the DCWPCL, "wages" include, among other things, both minimum and overtime wages. D.C Code § 32-1301(3).

58. Defendants violated the DCWPCL by knowingly failing to pay Plaintiffs all wages earned, including minimum and overtime wages.

59. Defendants' violations of the DCWPCL were willful.

60. For their violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against the Defendants on all counts, and grant the following relief:

    a.    Award Plaintiffs **$55,156.40**, consisting of the following overlapping elements:

        i.    unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.    unpaid wages earned, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    b.    Award Plaintiffs pre-judgment and post-judgment interest as permitted by law.

    c.    Award Plaintiffs reasonable attorneys' fees and expenses incurred in the prosecution of this action;

    d.    Award Plaintiffs court costs; and

    e.    Award any additional relief the Court deems just.

Date: December 4, 2015						Respectfully submitted,

/s/ Justin Zelikovitz, Esq.
Justin Zelikovitz, #986001
LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiffs*

10